NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

W. T. GRANT COMPANY, Respondent.
No. 17948.

United States Court of Appeals
Ninth Circuit.
March 14, 1963.

---

84

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin Pollack and Margaret M. Farmer, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

A. V. Federle, Jr., New York City, Ackerman, Johnston, Johnston & Mathews, Willard S. Johnston, and B. H. Parkinson, Jr., San Francisco, Cal., for respondent.

Before HAMLIN and BROWNING, Circuit Judges, and CROCKER, District Judge.

CROCKER, District Judge.

The National Labor Relations Board, after a hearing before a Trial Examiner, found that respondent, W. T. Grant Co., was guilty of unfair labor practices in violation of Section 8(a) (3) and (1) of the National Labor Relations Act by discharging employee, Hazel Martin, because of her pro-union activities at respondent's store in Sacramento, California.

The Board petitions this Court, pursuant to Section 10(e) of the N.L.R.A., as amended, for enforcement of its order against respondent. This Court has jurisdiction by virtue of Section 10(e) of the Act, and must enforce the Board's order if it is supported by substantial evidence on the record considered as a whole.

An exhaustive search of the record fails to disclose substantial evidence to support the Board's findings, but to the contrary, establishes that Hazel Martin was lawfully discharged for violating a specific lawful instruction not to continue union solicitation during working hours.

The W. T. Grant Co. has a rule that prohibits union or anti-union activity between employees if one is working (see Exhibit G C 2). This is a valid rule. N. L. R. B. v. United Steel Workers; N. L. R. B. v. Avondale Mills, 357 U.S. 357, 78 S.Ct. 1268, 2 L.Ed.2d 1383.

This rule need not be promulgated to the employees in written form and can be given to individual employees in the form of warnings, as was done in this case. N. L. R. B. v. Avondale Mills, supra, and Star-Brite Industries, 127 N.L.R.B. 1008, 1011. Misunderstanding of the rule by the employee does not protect the employee from discharge. N. L. R. B. v. Superior Co., 6 Cir., 199 F.2d 39; N. L. R. B. v. Wagner Iron Works, 7 Cir., 220 F.2d 126.

Petitioner urges that the above-mentioned rule was unfairly and discriminatively applied against Martin because Davis breached the rule and was not discharged, thus violating Section 8 (a) (3) of the Act.

To determine if a difference was made in the treatment of Martin and Davis with respect to this rule, first, note that the rule itself applies only when one of the employees is working. Secondly, look to the *acts* of management (Raleigh and Boardrow) in the light of their knowledge at the time, as anti-union sympathy

alone is not substantial evidence of discrimination.

Raleigh returned from his vacation May 1, 1961 (Trans. p. 28, l. 7), and about one week later was told by an employee, Kay Lyon, that she had attended a Union meeting at Hazel Martin's house (Trans. p. 29, l. 3–11). He first learned that Hazel Martin was engaging in union activities in the store while employees were working on June 12, 1961 (Trans. p. 32, l. 1–16). Hazel Martin returned to work from her vacation on June 14, 1961 and was called into the office where she was warned privately that she had violated the rules of the company.

In contrast, Raleigh first learned that Cora Davis had been circulating a petition between 6:00 and 7:00 p. m. June 15, 1961 (Trans. p. 40, l. 8–18), and Boardrow (Asst. Mgr.) first learned of it on June 15, 1961, although he did not see her with it (Trans. p. 173, l. 9–10) he told Mr. Raleigh about it the same evening, perhaps six hours after he learned it (Trans. p. 170, l. 2–6).

Raleigh first learned that Cora Davis asked an employee who was working, to sign the petition on June 16, 1961 (Trans. p. 80, l. 2–8).

Cora Davis did not work on June 16, 1961 but was summoned to the office and warned as soon as she came to work on June 17, 1961.

Petitioner urges that Raleigh should have investigated Cora Davis' activities after 7:00 p. m. June 15, 1961, apparently overlooking the fact that Marge Plummer did not tell him that either she or Cora Davis was working at the time she signed the petition and that Raleigh had known of Hazel Martin's union activities for over a month (Trans. p. 29, l. 3–11) and made no investigation and gave no warning until he learned that she was carrying on her union activities with employees while they were working.

It should also be noted that after talking to Marge Plummer at 7:00 p. m. June 15, 1961, Raleigh took no action that night against Hazel Martin although she, as well as Cora Davis, was seen in the store by Marge Plummer after she had told Mr. Raleigh that Hazel Martin had solicited her while they were both working (Trans. p. 91, l. 6–10).

The testimony of Raleigh and Boardrow was to the effect that Raleigh first learned from Imogene Prater that Cora Davis contacted an employee to sign the petition while one of them was working on June 16, 1961 (Trans. p. 80, l. 2–8) and that Boardrow at no time saw Cora Davis with the petition (Trans. p. 173, l. 9–10) or had reported to him that she was contacting employees while either was working.

This testimony is consistent with the testimony of Mary Reynolds, who is the only employee to testify in this proceeding that Cora Davis asked her to sign the anti-union petition while she was working, but further testified that she did not report this fact to the Management (Trans. p. 96, l. 6–8).

It is also consistent with the testimony of Hazel Martin that she didn't hear conversation against the union on the floor of the store but did in the restroom (Trans. p. 109, l. 2–12), Mr. Raleigh having testified that he used the lounge facilities only for store meetings (Trans. p. 15, l. 15).

It should also be noted that at p. 115, l. 12 of the transcript, Hazel Martin was asked, "And you have reference to the conversation with Mr. Cervantes where I believe you testified previously that you saw Cora going around the floor?" to which she answered "yes", when in fact she had not previously testified to where she saw Cora with the petition (Trans. p. 113, l. 16).

In the face of this testimony, which justifies the inference that the reason management did not know that Cora Davis was circulating her petition while working, was that she was actually contacting the employee while neither she nor the employee was working, the Board adopted the unwarranted inference that since Raleigh and Boardrow were on the floor practically all the time they must have known of her anti-union

activity before it was reported to Board-row about noon on June 15, 1961. (See footnote 1 of Decision and Order). Such an unwarranted inference cannot be used to support the Board's order. Wah Chang Corp. v. N. L. R. B., 9 Cir., 305 F.2d 15.

The foregoing demonstrates that the rule was not unfairly or discriminatively applied against Miss Martin.

Therefore, this court denies to enforce the order of the Board against respondent.